Slip Op. 16- 19

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ETHAN ALLEN OPERATIONS, INC.,<br><br>Plaintiff,<br><br>ASHLEY FURNITURE INDUSTRIES, INC., HOME MERIDIAN INTERNATIONAL, INC., CITY FURNITURE, INC., HOOKER FURNITURE CORPORATION, and STEIN WORLD OPERATING COMPANY,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE and VAUGHAN-BASSETT FURNITURE COMPANY, INC.,<br><br>Defendant-Intervenors. | Before: Jane A. Restani, Judge<br><br>Court No. 14-00147 |

## OPINION

[Commerce's second remand results are sustained.]

Dated: February 29, 2016

Yohai Baisburd, and Daniel Morris, Dentons US LLP, and Gregory J. Spak, White & Case, LLP, of Washington, DC, for plaintiff.

Kristin H. Mowry, Jeffrey S. Grimson, Jill A. Cramer, and Sarah M. Wyss, Mowry & Grimson, PLLC, of Washington, DC, for plaintiff-intervenors.

Douglas G. Edelschick, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the brief were

Benjamin C. Mizer, Principal Deputy Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Scott D. McBride, Senior Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

J. Michael Taylor and Daniel L. Schneiderman, King & Spalding, LLP, of Washington, DC, for defendant-intervenors.

Restani, Judge: This matter is before the court following a remand to the United States Department of Commerce ("Commerce") in Ethan Allen Operations, Inc. v. United States, Slip Op. 15-134, 2015 WL 7746717 (CIT Dec. 1, 2015) ("Ethan Allen"). Familiarity with that decision is presumed. In Ethan Allen, the court determined that the factors codified at 19 C.F.R. § 351.225(k)(1) (2014) ("(k)(1) factors") were non-dispositive for three of the wooden chests—the Marlene, Nadine, and Serpentine chests—for which Ethan Allen Operations, Inc. ("Ethan Allen") requested a scope ruling, and the court remanded to Commerce to consider the factors codified at 19 C.F.R. § 351.225(k)(2) ("(k)(2) factors") for those three chests. 2015 WL 7746717, at *6. The court also determined that for the fourth chest—the Vivica chest—the (k)(1) factors were dispositive to "demonstrate that the Vivica chest is not within the scope" of the antidumping duty order on wooden bedroom furniture ("WBF"). Id. at *7; see also Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture from the People's Republic of China, 70 Fed. Reg. 329, 329 (Dep't Commerce Jan. 4, 2005) ("WBF Order"). The court then remanded for Ethan Allen to "complete the record," so that Commerce could properly consider whether its liquidation instructions were lawful. Ethan Allen, 2015 WL 7746717, at *8–9.

On remand, Commerce evaluated each of the (k)(2) factors for the Marlene, Nadine, and Serpentine chests and ultimately concluded "that the weight of the record evidence supports a determination that the Nadine, Marlene, and Serpentine chests are not covered by the scope of

the WBF Order." Final Results of Redetermination Pursuant to Ct. Order 9–14, ECF No. 56-1 ("Second Remand Results"). Commerce also determined that pursuant to the (k)(1) factors that "Ethan Allen's Vivica chest is not wooden bedroom furniture subject to the WBF Order." Id. at 8. As a result of these determinations, Commerce correctly recognized that the last issue regarding the lawfulness of Commerce's liquidation instructions "has been mooted." Id. at 15.

Commerce has complied with the court's remand order in Ethan Allen to reconsider its treatment of Ethan Allen's four wooden chests at issue, and no party challenges Commerce's Second Remand Results. See Joint Status Report 1–2, ECF No. 58 ("The Parties . . . agree that the [Second Remand Results] comply with the Remand Order. . . . [and] propose that the Court . . . proceed[] to final disposition of the matter.").

For the foregoing reasons, Commerce's Second Remand Results are sustained. Judgment will issue accordingly.

                                                                       /s/ Jane A. Restani
                                                                         Jane A. Restani
                                                                              Judge

Dated: February 29, 2016
       New York, New York